# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| JERRY GENE HERRON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:09-CV-519-PPS-CAN |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Petitioner Jerry Gene Herron seeks attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) [DE 25], for the time spent on an appeal to this Court for review of a denial of social security benefits. The Commissioner of the Social Security Administration did not file a response. For the following reasons, the Court **GRANTS** the petition, and awards attorney's fees in the amount of $2,625.

## BACKGROUND

Herron applied for Disability Insurance Benefits and Supplemental Security Income in July 2006, alleging disability due to bipolar disorder, schizoaffective disorder, and muscle strain [Tr. 14, 97-100 & 120]. Following a September 2008 hearing, the ALJ denied Herron's claim [Tr. 22 & 29]. The ALJ found that Herron had a severe impairment, but he concluded that the impairment did not warrant an award of benefits because it did not meet or medically equal one of the applicable listed impairments [Tr. 17]. Specifically, the ALJ found that Herron did not satisfy the criteria of either "Paragraph B" or "Paragraph C" of Listing 12.04, one of which needed to be satisfied to support a disability finding in Herron's case [Tr. 17]. This finding was

1

based in part on the ALJ's determination that Herron's testimony regarding the effects of his symptoms was not credible [Tr. 19].

After the Appeals Council denied Herron's request for review [Tr. 1-4], Herron asked this Court to review the ALJ's findings, specifically challenging the ALJ's finding that he did not meet either the Paragraph B or Paragraph C criteria [DE 16]. In remanding the case, I found that the ALJ's analysis of Herron's credibility was inadequate. I also found that the ALJ's failure to explain the bases for his finding, at Step Three of the familiar five-step analysis, that Herron could not satisfy the Paragraph B and Paragraph C criteria, was improper. In particular, I found that the ALJ improperly refused to consider and weigh competing evidence [DE 19].

In the pending motion, Herron requests attorney's fees pursuant to the EAJA for the time spent on appealing the ALJ's decision to this Court [DE 25, ¶ 3]. Attached to the motion is an itemized list accounting for 21 hours that Herron's attorney spent on the appeal, at a rate of $150 per hour, for a total fee amount of $3,150 [DE 25-1].

## LEGAL STANDARD

The EAJA provides that a district court may award attorney's fees where (1) the claimant is a "prevailing party"; (2) the government was not substantially justified; (3) no "special circumstances make an award unjust"; and (4) the fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement. 28 U.S.C. § 2412(d)(1)(A) & (B); *see also U.S. v. Hallmark Constr. Co.*, 200 F.3d 1076, 1079 (7th Cir. 2000). The remand by this Court made Herron a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (remand under sentence four of 42 U.S.C. § 405(g) makes the plaintiff a prevailing party under the EAJA). Herron alleges that the government's position in defending the ALJ's decision was

"totally untenable," which is another way of saying that the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(B). No "special circumstances" are alleged. And Herron's original fee application [DE 21 & 22]—filed nine days after the case was remanded— was timely. So the only question remaining is whether the government's position was in fact substantially justified.

Attorneys' fees may be awarded under the EAJA if either the government's pre-litigation conduct or its litigation position lacked substantial justification. *Cunningham v. Barnhardt*, 440 F.3d 862, 864 (7th Cir. 2006); *Golembiewski*, 382 F.3d 721, 724 (7th Cir. 2004). The ALJ's decision is considered part of the government's pre-litigation conduct. *Id.* I only need to make one determination for the entire civil action regarding whether the government's position was substantially justified. *Id.* To be substantially justified, the government's position "must have reasonable factual and legal bases, and there must exist a reasonable connection between the facts and [the] legal theory." *Cunningham*, 440 F.3d at 863-64 (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *Golembiewski*, 382 F.3d at 724.

The government has the burden on the question of substantial justification. *Golembiewski*, 382 F.3d at 724; *Marcus*, 17 F.3d at 1036. But its failure to respond to the pending motion is not dispositive. I must still review the record to make an independent judgment as to whether the government's position was substantially justified. *See Nesvold. v. Bowen*, 687 F. Supp. 443, 445 (N.D. Ind. 1988) (citing *Campbell v. Bowen,* 800 F.2d 1247, 1249 (4th Cir. 1986) and *Jackson v. Bowen*, 807 F.2d 127, 129 (8th Cir. 1986)).

## DISCUSSION

I find that the government's pre-litigation conduct—specifically, the ALJ's

3

decision—was not substantially justified, and that fees are therefore appropriate here, albeit in an amount lower than what Herron is seeking.

I.      **The ALJ's Paragraph B and Paragraph C Findings**

The ALJ's finding, at Step Three of the five-step analysis, that Herron did not satisfy the Paragraph B criteria was not substantially justified. As I found in my remand order, the ALJ ignored competent and probative evidence in the record that supported a finding that Herron actually did have the "marked" limitations required to meet the Paragraph B criteria.

It is well-settled law that an ALJ cannot only discuss evidence that supports his ultimate conclusion, while ignoring evidence to the contrary. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010); *Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009); *Zurawski v. Halter*, 245 F.3d 881, 888 (7th Cir. 2001); *Diaz v. Chater*, 55 F.3d 300, 307-08 (7th Cir. 1995). And testimony from family members and employers who are in a position to observe the claimant's symptoms and daily activities is competent and probative evidence. 20 C.F.R. §§ 404.1529(a) & (c)(3); *Boiles v. Barnhart*, 395 F.3d 421, 424-26 (7th Cir. 2005) (ALJ improperly ignored claimant's cousin's testimony at Step Three); *Barnett v. Barnhart,* 381 F.3d 664, 668-670 (7th Cir. 2004) (ALJ improperly discredited claimant's husband's testimony at Step Three); *Godbey v. Apfel*, 238 F.3d 803, 809-810 (7th Cir. 2000) (ALJ erred in not considering testimony of claimant's sister as to claimant's mental condition); *accord Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (testimony from daughter improperly disregarded by ALJ); *Narrol v. Heckler*, 727 F.2d 1303, 1306-1307 (D.C. Cir. 1984).

Yet, the ALJ's Paragraph B finding apparently was based solely on the report of the state agency psychologist. And his opinion failed to address the competing evidence in the record, in

particular the testimony from Herron's family members and employers, which supported at least two of the Paragraph B criteria [DE 19 at 11-12]. Because the ALJ gave no rationale for discounting the competing evidence, I had no way to tell whether he considered it at all and, if so, whether he properly discounted it. And the government compounded this shortcoming by arguing that there was "no contrary evidence in the record" on this issue [DE 17 at 8].

Because the ALJ ignored well-established law and the agency's own regulations in ignoring this evidence, I find that the government's position was not substantially justified. *Cf. Golembiewski*, 382 F.3d at 725 (government was not substantially justified in defending the ALJ's decision that no evidence of plaintiff's claimed condition existed when the record contained such evidence); *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009) (violation of "clear and long judicial precedent" as well as agency's own rules not substantially justified); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1259-60 (9th Cir. 2001) (failure to follow agency's own regulations not substantially justified); *Garcia v. Schweiker*, 829 F.2d 396, 400 (3d Cir. 1987) (failure to follow well-established precedent not substantially justified); *Washington v. Heckler*, 756 F.2d 959, 962 (3d Cir. 1985) (same); *Jenkins v. Astrue*, 544 F. Supp. 2d 736, 741 (N.D. Ind. 2008) (same).

The ALJ's finding that there was no evidence that Herron met the Paragraph C criteria, and the government's defense of that finding, was also not substantially justified. Judicial precedent requires the ALJ "to articulate in a rational manner the reasons for his assessment"; that is, the ALJ "must connect the evidence to the conclusion through an accurate and logical bridge." *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009) (internal quotation marks and citation omitted); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001); *Dixon v. Missionary*,

270 F.3d 1171, 1176 (7th Cir. 2001); *Chromic v. Apfel*, 226 F.3d 809, 811 (7th Cir. 2000).

The ALJ, however, failed to explain what evidence he considered in finding that Herron did not satisfy the Paragraph C criteria [DE 19 at 12]. Indeed, the ALJ's opinion left open the possibility that his Paragraph C finding was not based on *any* evidence in the record. As I noted above, the ALJ relied exclusively on the report of the state agency psychologist in making his Paragraph B findings. But this report did not include an analysis of the Paragraph C criteria [*Id.*]. So, from what I can tell, the ALJ's Paragraph C finding had no basis. What's more, the record contained evidence, ignored by the ALJ, that Herron had satisfied at least one of the Paragraph C criteria [*Id.* at 13].

It's true that the requirement that the ALJ articulate his consideration of the evidence is flexible. *See Stein v. Sullivan*, 966 F.2d 317, 319 (7th Cir. 1992). But in failing to provide a basis for his Paragraph C finding, the ALJ did not satisfy the minimum level at which he must articulate his analysis of the evidence. *Scott v. Barnhart*, No. 99-C-4651, 2003 WL 1524624, at *4 (N.D. Ill. Mar. 31, 2003) (decision not substantially justified where it does not contain enough articulation for the court to discern any factual basis for it); *Corder v. Missionary*, No. 00-C-2714, 2001 WL 1355986, at *2 (N.D. Ill. Nov. 1, 2001) (same); *see also Godbey v. Apfel*, 238 F.3d 803, 808 (7th Cir. 2000) (noting that an ALJ "must at least minimally discuss a claimant's evidence that contradicts the Commissioner's position").

Moreover, the government was not substantially justified in defending this finding, particularly in light of the record evidence that Herron did in fact satisfy at least one of the Paragraph C criteria. *Ellis v. Astrue*, 2011 WL 690218, at *2 (N.D. Ind. February 16, 2011) (government's position was not substantially justified where ALJ failed to cite any evidence to

support a finding).

## II. The ALJ's Credibility Determination

The ALJ's conclusory finding that Herron's testimony was not credible also shows that the government was not substantially justified in defending the ALJ's decision. The Seventh Circuit has long held that an ALJ must not disregard a claimant's testimony about his symptoms, or doubt a claimant's credibility, without providing careful analysis. *See Giles ex rel. Giles v. Astrue*, 483 F.3d 483, 488-89 (7th Cir. 2007); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 353-55 (7th Cir. 2005); *Golembiewski v. Barnhart*, 322 F.3d 912, 915-16 (7th Cir. 2003).

Despite this long-standing requirement, the ALJ's discussion of Herron's credibility was limited to employing substantially the same boilerplate language that the Seventh Circuit finds insufficient. *See Martinez v. Astrue*, 630 F.3d 693, 696 (7th Cir. 2011) (no explanation given for credibility finding); *Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010) (reversing the ALJ's credibility determination because the statement that the claimant was not entirely credible did not indicate what weight the ALJ gave the testimony); *Murphy v. Astrue*, 496 F.3d 630, 635 (7th Cir. 2007) (credibility determination was inadequate because it failed to explain why some evidence was ignored).

Unfortunately, the ALJ gave no explanation for *why* he found Herron's testimony inconsistent with the record [DE 19 at 16-17]. And he failed to give any specific reasons for doubting Herron's credibility, despite evidence that appeared consistent with Herron's testimony as to his symptoms, *e.g.*, the testimony from Herron's ex-wife and step-son as to Herron's impairments, which the ALJ did not mention in discrediting his testimony [*Id.*].

The ALJ's disregard for the requirement of providing a careful analysis of the basis for

his credibility finding renders the government's position not substantially justified. *Johnson v. Astrue*, No. 09-C-5189, 2011 WL 2433498, at *5-6 (N.D. Ill. June 14, 2011) (ALJ's failure to provide any reasons for not finding claimant's testimony credible was not substantially justified); *Shelefontiuk v. Astrue*, No. 08-2172, 2010 WL 610639, at *2 (C.D. Ill. Feb 16, 2010) (conclusory credibility findings not substantially justified); *Banks v. Barnhart*, No. 01-C-382, 2003 WL 22019796, at *3 (N.D. Ill. Aug. 26, 2003) (same); *Cf. Golembiewski*, 382 F.3d at 724-25 (finding no substantial justification where the ALJ did not conduct a credibility determination).

In sum, because the government's position lacked substantial justification, Herron is entitled to attorney's fees pursuant to the EAJA.

### III. Fee Calculation

EAJA fees are determined by multiplying the number of hours reasonably expended by a reasonable hourly rate capped at $125.00 per hour. *See* 28 U.S.C. §§ 2412(d)(1)(B), 2412(d)(2)(A)*; see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *INS v. Jean*, 496 U.S. 154, 161 (1990); *Hensley v. Eckerhart*, 461 U.S. 424 (1983). The $125 cap may not be exceeded "unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." § 2412(d)(2)(A).

Herron's attorney calculated 21 hours of work spent on the appeal to this Court and asked for a rate of $150 an hour, stating only that it was a reasonable rate for the area [DE 25, ¶ 3]. The government filed no response to contest these numbers. However, because Herron's attorney cited no "special factors" to increase the hourly rate above the statutory cap, the rate will be reduced to the statutory cap of $125 per hour. Therefore, the Court finds that Herron shall be awarded 21 hours of work at a rate of $125 per hour for a total fee award of $2,625.

## CONCLUSION

For the reasons stated above, I find the government's position to be without the reasonable basis in law and fact required to render it "substantially justified." Accordingly, the Court **GRANTS** Herron's petition for attorney's fees [DE 25]. The clerk shall enter **JUDGMENT** on the award of fees. Defendant Commissioner of Social Security is **ORDERED** to pay Herron attorneys' fees in the amount of **$2,625** for the time spent on Herron's appeal to this Court for review of the Commissioner's denial of social security benefits.

**SO ORDERED.**

ENTERED: July 11, 2011 /s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT